MARIE HENRIETTE RACHAL v. JOSEPH LE ROUX, her Husband.

1 araphernal property which is not administered by the wife, separate and alone, is considered under the administration of the husband.

Where there is no evidence showing that the wife administered her paraphernal property separately and alone, it is the presumption that the husband used the funds for his own use.

APPEAL from the District Court Parish of Natchitoches, *Weems*, J. *J. W. Jones* and *Land*, for appellant. *Nutt & Leonard*, for appellee.

The facts are stated in the opinion of the Court.

LABAUVE, J. The wife sues her husband in separation of property, on the ground that the disorder of his affairs induced her to believe that his estate may not be sufficient to meet her rights and claims.

The defendant, not appearing, a judgment by default was rendered against him ; no third person intervened in the suit. The plaintiff, having proceeded to make her judgment final, was nonsuited by the Court,

who thought that she had failed to make out her case.    The plaintiff took this appeal.

On the 29th April, 1839, these parties entered a marriage contract, wherein it is declared :

" Les futurs époux declarent par ces presentes qu'ils remarient d'aprés les lois qui gouverment le régime de la communicaté.    Le futur époux declare par ces presentes, apporter en marriage pour et ces considérations de son prochain marriage avec Mademoiselle Marie Henriette Rachal, la somme de mille deux cents piastres :  A la dite demoiselle mineure, sous l'assistance de son sus dit tuteur, le montant net de la somme qui lui reviendra dans les successions de sa mère, de son grand père et de son père.'
The expression used by the husband, "*that he brings into marriage, for and in consideration of the marriage,*" is implied and understood as used by the wife, preceding the words, *the net amount*, etc.   She then declared that she brought into marriage the net amount accruing to her in the successions mentioned; and we are of opinion that whatever she received afterwards from said succession formed a part of her dowry; whatever in the marriage contract is declared to belong to the wife, or to be given to her on account of the marriage by other persons than the husband, is *part of the dowry*, unless there be a stipulation to the contrary.   C. C. Art. 2318. The settlement of the dowry may include all the present and future effects of the wife.   C. C. Art. 2319.

The evidence cleary shows that she received, by public act, from her tutor, her husband also appearing in the act as authorizing her to receive, on the 7th May, 1841, the sum of $4,550 47, coming to her from the succession of her father and mother.   This amount is a part of her dowry. The following amounts are also shown to have been received by her, the husband signing the receipts as authorizing her :

On the 23d July, 1844, the sum of $1,000, as coming to her from the succession of Widow Andrè St. Andrè.    On the 31st December, 1846, her husband also signing the receipt as authorizing her, the sum of $53 55, coming to her from same succession.   On the 17th June, 1851, her husband also appearing in the receipt as authorizing her, the sum of $588 95; these divers sums, amounting to $1,644 50, are paraphernal.   C. C. Art. 2360.

The paraphernal property which is not administered by the wife *separately and alone*, is considered to be under the management of the husband. C. C. Arts. 2362, 2363.

There is no evidence showing that the plaintiff administered her paraphernal property separately and alone, and therefore, the presumption is that the husband used the funds for his own use.   We consider that this is not an open question.   See the case of *John* v. *Race*, not reported, decided last year.   *Breaux, Jr.*, v. *Le Blanc, Adm'r*, 16 An. 145.

The embarrassment and insolvency of the husband are already proven.

We are of opinion that the District Court erred in non-suiting the plaintiff.

It is therefore ordered, adjudged and decreed, that the judgment appealed from be annulled and avoided. It is further ordered and adjudged, that the plaintiff be separated in property from her said husband, who is hereby decreed to pay to her the sum of four thousand five hundred and fifty dollars and forty-five cents, as dotal funds, with five per cent. interest per annum from judicial demand, 3d October, 1865, till paid, with a mortgage upon the immovables and privilege on the movables of defendants, dating from the 5th May, 1841. It is further decreed and adjudged, that the defendant pay to his said wife the further sum of sixteen hundred and forty-four dollars and fifty cents, with five per cent. interest, from the 3d of October, 1865, till paid, with a mortgage on the landed property to secure the payment of $1,000, dating from the 23rd July, 1844; to secure the payment of $55 55, dating from the 31st December, 1846; and to secure the payment of $588 95, dating from the 17th June, 1851,

It is further ordered and decreed, that the said wife be authorized to resume the administration of her property, without the interference of her said husband; and that the said defendant and appellee pay costs in both Courts.